IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RONNIE THEODORE WALTERS,

Petitioner,

v.

J.E. THOMPSON,[1]

Respondent.

3:12-cv-1827-TC

FINDINGS AND RECOMMENDATION

COFFIN, Magistrate Judge.

Petitioner is an inmate in the custody of the Federal Bureau of Prisons currently incarcerated at the Satellite Prison Camp at the Federal Correctional Institution in Sheridan, Oregon.

On June 12, 2012, petitioner requested a social furlough

[1]Petitioner names Warden J.E. Thomas as the Respondent. However, petitioner's present custodian at SPC Sheridan is Warden Marian Feather.

for the purpose of re-establishing community ties. Petition (#1) Att. 2, p. 10. Petitioner received a response indicating that he was not eligible for a family ties furlough at that time. Id. p. 11.

On October 10, 2012, petitioner filed a petition under 28 U.S.C. § 2241 alleging that his Unit Team followed an outdated policy in considering his furlough request, and that pursuant to BOP policy his Unit Team lacks the authority to deny furlough requests. Petition (#1) p. 3. Petitioner seeks an order directing the BOP to approve his furlough. Id. p. 5.

Respondent now moves to dismiss on the following grounds: "First, to the extent petitioner challenges an individualized determination made by the BOP pursuant to its discretionary furlough authority under 18 U.S.C. § 3622, the Ninth Circuit's decision in Reeb v. Thomas, 636 F.3d 1224 (9th Cir. 2011), is controlling authority that requires dismissal for lack of subject matter jurisdiction. Second, Petitioner failed to allege a claim that implicates a deprivation of liberty cognizable through habeas corpus. Third, Petitioner failed to exhaust administrative remedies." Response to Petition (#7) p. 3.

The BOP's authority to grant inmate furloughs comes form statutory authority to physically release a prisoner from confinement while continuing to serve a sentence of

imprisonment under limited conditions set forth in 18 U.S.C. § 3622.

The Ninth Circuit recently held that district courts do "not have subject matter jurisdiction to review the Bureau of Prisons' ("BOP") individualized ... program determinations" made pursuant to statutory authority vested through 18 U.S.C. §§ 3621-3624. Reeb v. Thomas, 636 F.3d 1224 (9th Cir. 2011). In *Reeb*, the petitioner was an inmate challenging his expulsion from the BOP's residential drug treatment program (RDAP). Id. at 1225. The court reviewed the justiciability of the inmate's claim pursuant to the Administrative Procedure Act (APA) and 18 U.S.C. § 3625 and held:

> There is no ambiguity in the meaning of 18 U.S.C § 3625. The plain language of this statute specifies that the judicial review provisions of the APA, 5 U.S.C. §§ 701-706, do not apply to "any determination, decision, or order" made pursuant to 18 U.S.C. § 3621-3624 .... To find that prisoners can bring habeas petitions under 28 U.S.C. § 2241 to challenge the BOP's discretionary determinations made pursuant to 18 U.S.C. § 3621 would be inconsistent with the language of 18 U.S.C. 3625. Accordingly, any substantive decision by the BOP to admit a particular prisoner into RDAP, or to grant or deny a sentence reduction for completion of the program, is not reviewable by the district court.

Reeb v. Thomas, 636 F.3d at 1227.

Although the court in *Reeb* addressed BOP's decisions related to the drug program authorized under 18 U.S.C. § 3621, the *Reeb* court's analysis squarely applies to the circumstances of this case where petitioner challenges an

individualized furlough determination made pursuant to the BOP's discretionary authority under 18 U.S.C. § 3622.

Accordingly, this court is without subject matter jurisdiction to review petitioner's claim. Because the jurisdictional issue is dispositive, it is not necessary to address respondent's other arguments in detail. However, I note for the record that petitioner has failed to establish a protected liberty interest in receiving furloughs. In addition, based on the record before the court it appears that petitioner failed to exhaust his administrative remedies.

Petitioner's Petition (#1) should be denied. This proceeding should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any

factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

## *Certificate of Appealability*

***Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right. See, 28 U.S.C. § 2253(c)(2).***

DATED this 5 day of February, 2013.

Thomas M. Coffin
United States Magistrate Judge